IN THE
# UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

Nº 2:07-CV-044-P-A

| *Marsha Little,* | **REPORT & RECOMMENDATION** |
| *Plaintiff*, | SUSPENSION OF, TAXING COSTS TO, AND MISCELLANEOUS RELIEF AGAINST |
| VERSUS | |
| *UHS of Parkwood, Inc. et al.,* | Neal Labovitz, Esq. |
| *Defendants.* | Counsel for Plaintiff |

The undersigned submits this Report and Recommendation to the Honorable United States District Judge Pepper for disposition under LOCAL RULE 83.1(C)(1).

## *I. Facts and Procedural History*

### A. Basic Facts

This is a dispute about doctors, a hospital, and referrals. The plaintiff, Marsha Little, Ph.D., worked for the defendant, UHS of Parkwood, Inc. ("UHS") from 1991 to 1993. When she left, Dr. Little and UHS signed a contract that gave her hospital privileges and, most importantly, patient referrals from UHS and its staff. From 1993 to 1997, the relationship was amicable. Dr. Little alleges that when Andrew Mayo became UHS's new CEO, things changed: First, there was a campaign of harassment and intimidation, started because Dr. Little is female. Second, the hospital permitted other psychlogists to see patients without the proper

1

referrals.[1] Third, in 2006, the hospital refused to lease office space to Dr. Little because she is female. Fourth, Dr. Little feared her hospital privileges, reviewed annually, would be revoked arbitrarily. Without these privileges, Dr. Little would be hard pressed to continue her private practice.

As a result of the deteriorating relationship between Dr. Little and UHS, she filed this action. She retained Mr. Neal Labovitz, Esq., to handle the case.

### B. <u>Discovery</u>

On May 21, 2007, the parties held a case management conference with the undersigned, establishing the pre-trial deadlines for this case. At the conference, counsel for Dr. Vinnick informed the undersigned of two issues with the plaintiff's initial disclosures. First, the plaintiff failed to provide a computation of damages, which FED. R. CIV. P. 26(a)(1)(C) requires. Second, the plaintiff's counsel, Mr. Labovitz, indicated that six unnamed patients "will testify" at the trial. As these witnesses were not identified in the pre-discovery disclosures, which FED. R. CIV. P. 26(a)(1)(A) requires, the undersigned ordered Mr. Labovitz to supplement the plaintiff's pre-discovery disclosures within fourteen days of the case management conference.

#### 1. *First Motion to Compel*

On June 11, 2007, then-defendant Dr. Vinnick filed a motion[2] to compel [24] the plaintiff to supplement pre-discovery disclosures. To that motion, the defendant

---

[1] One psychologist was Dr. Barry Vinnick. The claims against Dr. Vinnick have been dismissed with prejudice. *See Order* 57.

[2] Later, the remaining defendants joined in brining the motion.

2

annexed numerous letters from the defendant's counsel to Mr. Labovitz. Those attempts were unanswered, except for resending documents the defendant had already received. Exhibit G to that motion was a reply letter from Mr. Labovitz to Messrs. Ayers and McKee, Dr. Vinnick's counsel. Mr. Labovitz wrote,

> At this time, my paralegal is in the hospital on life support, so this office is effectively shut down for the next few days. I am also scheduled to see my endocrinologist in Nashville as my blood sugar levels have been consistently high for the last few weeks, which affects my eye sight.

Ex. G [24-8] to Def.'s Motion to Compel.

The undersigned granted the motion on June 29, 2007. *See* Order [33]. As the court granted the motion, it is the practice to award the parties opposing the motion reasonable expenses. *See* FED. R. CIV. P. 37(a)(4)(A). The undersigned declined to award the expenses given that the delay was attributable to the health of Mr. Labovitz and his paralegal. The court did, however, caution Mr. Labovitz that it "will not tolerate any future failings, particularly when counsel has not availed himself of the opportunity to obtain extensions or other assistance from the court." Order [33], at p. 2.

### 2. *Dr. Little's Motion to Enlarge Time to Respond*

On July 10, 2007, the plaintiff sought an extension of time to respond to the first set of interrogatories and production of documents propounded by Dr. Vinnick. The court granted the motion, giving the Dr. Little until July 29, 2007 to respond to the discovery requests of all defendants. *See* Order [45]. Once again, the undersigned cautioned Mr. Labovitz "that notwithstanding his health difficulties

and those of his family and staff, he may not ignore his obligation under the Rules of Procedure and deadlines set by this Court . . . ." Order [45], at pp. 1-2.

### 3. *Urgent and Necessitous Motion to Compel*

On August 2, 2007, the defendants filed an urgent and necessitous motion [49] to compel production and compliance with this court's order. The defendants alleged that the plaintiff failed to respond to the defendants' first or second set of requests for production. This court had given the plaintiff until July 29, 2007 to reply to the first set; under the rules, the plaintiff should have responded to the second set on July 18, 2007. <u>The plaintiff responded to neither</u>. Despite prior cautions from the undersigned, the plaintiff's counsel never asked this court for any relief from discovery obligations. Moreover, the defendant's counsel represented to this court that he attempted to correspond with Mr. Labovitz on numerous occasions prior to filing this motion. Mr. Labovitz did not respond.

### 4. *Order to Show Cause*

On August 8, 2007, the undersigned entered its Order [51] to show cause why it should not find the plaintiff in contempt of, or impose other sanctions for its complete failure to comply with its June 30, 2007 Order [45]. The plaintiff was given ten days to respond to this court's order. <u>The plaintiff has not responded to this court's order</u>.

### 5. *UHS' Expedited Motion to Compel*

On August 10, 2007, UHS filed an expedited motion [53] to compel plaintiff's response to outstanding discovery. UHS's counsel likewise attempted to contact Mr. Labovitz prior to filing its motion to compel. <u>Mr. Labovitz did not respond</u> or, for

4

that matter, sign the good faith certificate required under LOCAL RULE 37.01. As of August 10, 2007, the plaintiff has not responded to any outstanding discovery requests.

### *II. Analysis*

LOCAL RULE 83.1 governs attorney admission and conduct in this court. That rule provides that the court may discipline of member of its bar for "failure to comply with these rules, the Mississippi Rules of Professional Conduct, or any other rule of the court." *Id.* 83.1(C)(1). Additionally, if an attorney's conduct is flagrant, the court may suspend the attorney's admission to practice before it. *Id.*

Mr. Labovitz, despite being cautioned numerous time, did not fulfill his client's responsibilities under the FEDERAL RULES OF CIVIL PROCEDURE. Moreover, Mr. Labovitz has violated orders entered in this case, including failing to respond to this court's Order to Show Cause. Counsel for the defendants have attempted to contact Mr. Labovitz on numerous occasions, all to no avail. While the court sympathizes with Mr. Labovitz's health issues, it repeatedly cautioned him about his responsibilities and advised him to seek appropriate relief (through extension) when necessary. <u>Mr. Labovitz failed to do so</u>.

### *III. Conclusion*

For his complete failure to comply with his responsibilities under the Rule of Procedure and with this court's order, the undersigned recommends:

(1) that Neal Labovitz's admission to practice in this court be SUSPENDED for a definite period of time;

(2) that Neal Labovitz be required to pay defendant's expenses, including reasonable attorney's fees, incurred in seeking compliance with this court's rules and orders;

(3) that Neal Labovitz be ordered to inform his client immediately that his admission in this court has been suspended and that the plaintiff will be granted twenty days to retain other counsel or inform the court that she intends to proceed *pro se*; and,

(4) that Neal Labovitz be ordered provide this court with his client's address so that this court may forward a copy of this order to the client, permitting the client to: (a) have other counsel entered an appearance; (b) proceed *pro se*, or risk dismissal for want of prosecution under FED. R. CIV. P. 41.

The parties are referred to 28 U.S.C. § 636(b)(1)(B) and FEDERAL RULE OF CIVIL PROCEDURE 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date and a "party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [ten] days after being served with copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." **Douglass v. United Services Automobile Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations

omitted); see also *United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), cert denied, 513 U.S. 1178 (1995).

Respectfully submitted, this 23rd day of August, 2007.

                                       /S/ *S. Allan Alexander*
                                       UNITED STATES MAGISTRATE JUDGE